VIRGINIA:

IN THE CIRCUIT COURT FOR NORTHUMBERLAND COUNTY

JOANNE M. ADAMS,

    Plaintiff

v.                                    CASE # 18-319

RICHARD F. HALL, JR.,

    Defendant

ANSWER TO AMENDED COMPLAINT
AND COUNTERCLAIM *(Filed 4.9.2020)*

For answer to the amended complaint Richard F. Hall, Jr., defendant ("Hall"), states as follows:

1. He admits paragraphs #1 through #5.

2. He admits paragraphs #6 through #9.

3. He denies paragraphs #10 through #12.

4. He admits paragraph #13.

5. He denies paragraph #14.

6. In response to paragraph #15 he admits that Breeden had no right of possession of the home, but he contends the placing of Exhibit A on the door of the home was proper.

7. He denies paragraphs #16 and #17.

-1-


SCANNED

FILED IN CLERK'S OFFICE
03-06-2020 DATE
_____ CLERK
CIRCUIT COURT OF
NORTHUMBERLAND
COUNTY, VIRGINIA

8. He admits paragraph #18, but he denies the statute section has any relevance to this suit.

9. Paragraph #19 requires no response.

10. He admits paragraphs #20 through #24.

11. He denies paragraph #25.

12. In response to paragraph #26, he denies that he knew Joanne M. Adams ("Adams") would be absent from the premises on July 3, 2018; he admits that portion of the paragraph after the words "July 3, 2018". He further states the Adams vehicle was inoperable and had been used for a trash receptacle for Adams for several months and was literally jammed with trash. The vehicle was a nuisance and had been abandoned.

13. He denies paragraph #27.

14. In response to paragraph #28, he denies he converted the vehicle; he is without knowledge or information sufficient to form a belief as to the remaining portion of the paragraph; therefore, he denies paragraph #28.

15. He denies paragraphs #29 through #31.

16. In response to paragraph #32, he incorporates, by this reference, his responses to paragraphs #1 through #31.

17. He admits paragraph #33.

18. He denies paragraph #34.

19. He denies paragraph #35, and he further responds that Adams was not occupying the house in any sense from July 6, 2018 through July 9, 2018. Adams left the

house unlocked and wide open to intruders and the elements. Adams had totally abandoned the premises from June 28, 2018 through July 9, 2018. In fact, Adams had not occupied the house for several months before the foreclosure.

20. He denies paragraph #36.

21. He denies paragraph #37, and for further answer he states that Adams was not occupying in any sense the house on July 6, 2018 or thereafter.

22. He denies paragraph #38.

23. He denies all of the subparagraphs of paragraph #39 except subparagraph (6). For full answer he states that Adams during the course of her earlier occupancy had left a live exposed electric wire in the yard which was an extreme danger and hazard. Because of the danger and hazard Hall cut off the electricity. Adams had not occupied the house for weeks; therefore, Hall for safety purposes, cut off the electricity.

24. He denies paragraph #40.

25. Hall is without knowledge or information to form a belief as to the truth of paragraphs #41, #42, and #43; therefore, he denies paragraphs #41 through #43.

26. He denies paragraphs #44 through #48.

27. In response to paragraph #49, he incorporates paragraph #44 through #48.

28. He denies paragraphs #50 through #60.

HAVING FULLY ANSWERED, Hall prays that the amended complaint be dismissed and that he be awarded his costs herein expended.

HALL PRAYS FOR TRIAL BY JURY.

## AFFIRMATIVE DEFENSES

A.  Estoppel;

B.  Unclean hands.

## COUNTERCLAIM

For his counterclaim against Adams, Hall states, as follows:

### COUNT I

1. He incorporates herein, by reference, paragraphs #1, 2, 4, 5, 6, 7, 8, and 9.

2. The Court has venue in this case because Adams is liable to Hall for damages which occurred in Northumberland County, Virginia, and Adams has filed an amended complaint against Hall in Northumberland County, Virginia.

3. During the time when Adams occupied the premises described in paragraph #4 of the amended complaint, she committed substantial waste and damages to the home. Adams literally wrecked the premises and left them in deplorable unsanitary condition. Adams allowed large dogs to run loose in the house. The dogs destroyed woodwork, flooring, doors, and walls. The dogs left feces throughout the house. The grass was not cut in a proper manner. Exposed electric wiring was left in the yard creating a hazard and extreme danger.

4. Adams allowed the house to be infested with insects and vermin.

5. At the time of the foreclosure sale, the house was uninhabitable, unsanitary, and dangerous.

6. Adams during her occupancy had damaged or destroyed the outside decking, windows, interior flooring, woodwork, cabinets, painting, ceilings, walls, doors (interior and entrance), electrical fixtures, refrigerator, other appliances, and bathrooms.

7. Adams damaged the shrubbery on the premises by abuse and neglect.

## COUNT II

8. Hall incorporates by reference paragraphs #1 and #2 of Count I.

9. Adams owes a deficiency amount from the foreclosure sale in excess of $50,000.00.

10. Adams owes Hall late charges on the secured note in excess of $150,000.00. Adams at the time of the 2018 foreclosure had not paid a mortgage payment since September, 2016.

## DAMAGES

Hall has suffered damages under Count I in excess of $50,000.00. Hall has suffered damages under Count II in excess of $200,000.00. Hall; therefore, prays for judgment against Adams in the amount of $275,000.00.

HALL PRAYS FOR TRIAL BY JURY.

                              RICHARD F. HALL, JR.

                              By counsel

Breeden & Breeden, p.d.
P. O. Box 35
Irvington, VA 22480
804-438-9595
804-438-9594 (fax)
jcb@lawbreeden.com
By: _____
Of counsel (VSB #08942)

Certificate of Service

I hereby certify that a true copy of the foregoing pleading was sent on March 6, 2020 by telecopier (877-575-0245) and by U.S. mail, postage prepaid, to all counsel of record.

_____

j\lit\plead\hall.answer.counterclaim